UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

TAMMY WESTBROOK, Individually and
as the Administrator of the Estate of
Craig Heard, Deceased,

                                                                                             DECISION & ORDER

Plaintiff,

                                                                                             04-CV-6024T

v.

CITY OF ROCHESTER, et al.,

Defendants.
_____

On January 20, 2004, plaintiff in the above-captioned matter filed suit under 42 U.S.C. § 1983 against the City of Rochester, the Rochester Police Department and three individually-named officers. (Docket # 1). The Complaint arises from events surrounding the fatal shooting of the plaintiff's son by certain officers of the Rochester Police Department. (Docket # 1).

On August 26, 2005, plaintiff filed the pending motion to compel the non-party deposition of former City of Rochester Police Chief Robert Duffy. (Docket # 25). Specifically, plaintiff seeks an order compelling Mr. Duffy's deposition on or before September 9, 2005, and disclosure of Mr. Duffy's home address so that he may be served with a subpoena. (Docket # 25). Defendants oppose such motion, representing that Mr. Duffy is unavailable for deposition before September 9, 2005, due to prior personal and professional responsibilities, including obligations relating to the September 13, 2005 primary election for Mayor of the City of Rochester, for which Mr. Duffy is a candidate. (Docket # 31). Alternatively, defendants have

offered to make Mr. Duffy available for deposition at any time during the week of September 26, 2005. (Docket # 31 at ¶ 43).

This Court originally scheduled oral argument relating to plaintiff's motion to compel for September 8, 2005. (Docket # 27). Having read and fully considered plaintiff's motion, defendants' response and plaintiff's reply, I now find oral argument unnecessary. On the record before me, I find that plaintiff will not be unduly prejudiced by a two-week delay in Mr. Duffy's deposition between September 9, 2005 and September 26, 2005. Accordingly, plaintiff's motion to compel the deposition of former Police Chief Duffy by September 9, 2005 **(Docket # 25)** is **DENIED**. Defendants are directed, however, to make Mr. Duffy available for deposition on Monday, **September 26, 2005** at **10:00 a.m**. Further, plaintiff's motion to compel disclosure of Mr. Duffy's home address **(Docket # 25)** is also **DENIED** because counsel for defendants has accepted service of the subpoena on his behalf.[1] (See Docket # 31 at ¶ 48).

**IT IS SO ORDERED.**

*s/Marian W. Payson*
MARIAN W. PAYSON
United States Magistrate Judge

Dated: Rochester, New York
September   8  , 2005.

---

[1] It should be noted that Rule 7.1 of the Local Rules of Civil Procedure requires that unless ordered otherwise, notice of motion must be filed at least ten business days before the return date of such motion. Thus, because plaintiff filed her motion to compel Mr. Duffy's deposition on August 26, 2005, the first available day for oral argument under the Rules was not until September 9, 2005, the last date by which plaintiff sought to conduct the deposition.